UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY'S AUTO BODY, INC.,

                      Plaintiff,

    -against-                                      5:20-CV-0033 (LEK/TWD)

STATE FARM FIRE AND CASUALTY
COMPANY, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Jeffrey's Auto Body, Inc. brings this action against Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively, "Defendants"), asserting claims for: (1) breach of contract; (2) unjust enrichment; and (3) violations of New York General Business Law ("GBL") § 349. Dkt. No. 2 ("Complaint"). On November 25, 2020, this Court issued a Memorandum-Decision and Order granting Defendants' motion to dismiss only with respect to Plaintiff's unjust enrichment and GBL § 349 claims. Dkt. No. 33 ("November 2020 Memorandum-Decision and Order"). On December 9, 2020, Plaintiff filed a motion for reconsideration, arguing that the Court should alter its conclusion regarding Plaintiff's GBL § 349 claim. Dkt. Nos. 36 ("Motion"); 40 ("Opposition"); 42 ("Reply"). For the reasons that follow, Plaintiff's Motion is denied.

**II.    BACKGROUND**

    **A.  The Complaint**

The alleged facts were detailed in the November 2020 Memorandum-Decision and Order, familiarity with which is assumed. For convenience, the Court briefly summarizes the allegations

1

relevant to this Motion. 163 vehicle owners took their vehicles to Plaintiff for repairs. See Compl. ¶ 8. Some of these customers, whom Plaintiff calls "First Party Assignors," are insureds of Defendants. See id. ¶ The others, whom Plaintiff terms "Third Party Assignors," are not; but because their vehicles were damaged by Defendants' insurance policy holders, Defendants accepted liability for the damages. See id. ¶ 11. Defendants consistently provide unjustifiably low estimates for repairs and thus do not fully compensate insureds as required under the governing insurance policies. See id. ¶¶ 10–11, 15–38, 43.

Plaintiff alleges the following facts with respect to its GBL § 349 claim:

> 53. Plaintiff has had numerous dealings with Defendants over the years involving claims by consumer customers of Plaintiff's against Defendants for coverage for automobile repairs.
>
> 54. Defendants consistently provide a lower estimate of the cost of repairs than that which is actually required to repair a given vehicle to its pre-loss condition and engages[sic] in unfair claims practices[.]
>
> 55. With respect to all of the Assignors, Defendants engaged in unfair claims practices . . . and consistently, deliberately, arbitrarily, and improperly refused to pay the amounts which were necessary to repair the relevant Vehicle to its pre-accident condition[.]
>
> 56. Defendants' arbitrary limitation of costs was a materially deceptive action because it[sic] knew when it[sic] made its limitation that it[sic] was not providing the full amount necessary to restore the Vehicles to their pre-accident condition.
>
> 57. Defendants' actions in purporting to negotiate in good faith when they were, in fact, violating numerous provisions of New York insurance regulations and otherwise engaging in unfair claims practices represents a materially deceptive action.
>
> 58. Defendants engaged in these unfair claims practices in order to coerce the Assignors into accepting lower amounts in reimbursement than that to which they were entitled, further demonstrating the materially deceptive nature of its[sic] actions.

> 59. Defendants' deliberately inadequate estimates are an attempt to influence repair shops to "cut corners" and make improper and/or incomplete repairs in an effort to accomplish repairs in the amount Defendants choose to pay and creates a misperception to consumers that a vehicle repaired to Defendants' specifications will be adequately and properly repaired.
>
> 60. Defendants' failure to negotiate all elements of the claim as required by regulation constitutes a deceptive business practice within the meaning of General Business Law § 349.
>
> 61. Plaintiff has been injured because Plaintiff has not been paid the full cost of the repairs that were completed on the Vehicles.
>
> 62. As a result of the forgoing[sic], Defendants have repeatedly engaged in a pattern of behavior that violates General Business Law § 349 and Plaintiff is entitled to actual damages for each violation, totaling $190,532.36, and reasonable attorney[sic] fees.

Compl. ¶¶53–62.

### B. The November 2020 Memorandum-Decision and Order

In its November 2020 Memorandum-Decision and Order, the Court granted Defendants' motion to dismiss with respect to Plaintiff's GBL § 349 claim, solely on the ground that Plaintiff's alleged injury is "derivative" of its customers' injury. See Nov. 2020 Mem.-Decision and Order at 19–22; Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 3 N.Y.3d 200, 207 (N.Y. 2004). The Court will not restate its reasoning or the governing legal principles in full. In short, because Plaintiff alleges it suffered injury, in the form of undercompensation for repairs, only when a customer suffered an identical injury, Plaintiff fails to allege an independent GBL § 349 "injury." See Nov. 2020 Mem.-Decision and Order at 19–21.

### C. Plaintiff's Motion

Plaintiff argues that the Court overlooked controlling federal and state precedent establishing that a non-consumer plaintiff is injured for purposes of GBL § 349 when an injured consumer has assigned his GBL § 349 claim to the non-consumer. See Mot. at 6–14. Defendants

3

argue, *inter alia*, that the cases Plaintiff cites do not contain any holdings regarding the relationship between assignment and non-consumer injury under GBL § 349, and that this precedent would be irrelevant in any case, since Plaintiff does not allege that its customers assigned their GBL § 349 claims to Plaintiff. See Opp'n at 2–6.

### III.    LEGAL STANDARD

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks omitted). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

### IV.    DISCUSSION

The Court denies Plaintiff's Motion, because Plaintiff advances an argument that would not have altered the Court's conclusion in its November Memorandum-Decision and Order.

In its Complaint, Plaintiff does not allege that its customers assigned their GBL § 349 claims. In the introductory portion of the Complaint, Plaintiff alleges that the "Assignors" assigned their "property damage" claims to Plaintiff. See Compl ¶ 8. In the subsection devoted to Plaintiff's breach of contract claim, Plaintiff specifically alleges assignment. See id. ¶ 45. But the GBL § 349 subsection contains no such allegation. See *supra* Part II(A). The Court will not

4

assume based on customers' assignment of property damage or contract claims that they also assigned statutory consumer fraud claims. See Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank, 57 F.3d 146, 151 (2d Cir. 1995) ("Under New York law, the assignment of the right to assert contract claims does not automatically entail the right to assert tort claims arising from the contract."); Commonwealth of Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., 25 N.Y.3d 543, 550 (N.Y. 2015) ("To be sure, fraud claims are freely assignable in New York. It has long been held, however, that the right to assert a fraud claim related to a contract or note does not automatically transfer with the respective contract or note.") (internal citations and emphasis omitted). Since Plaintiff does not allege that its customers assigned their GBL § 349 claims, Plaintiff's argument that assignment establishes GBL § 349 injury is irrelevant.

The Court will entertain a motion to amend the Complaint, if filed within thirty (30) days.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, Plaintiff's Motion for Reconsideration (Dkt. No. 36) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 22, 2021
           Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge

5